PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SILVERIO MORALES, Defendant and Appellant.

No. 4495. Argued June 10, 1931.—Decided July, 8, 1931.

The appellant appeared by brief, *pro se*. *R. A. Gómez* for appellee.

Mr. Justice Texidor delivered the opinion of the Court.

In this case the complaint, such as it was modified as the result of a motion to strike out filed by the defendant, charged as follows:

"That at 2 o'clock p.m. on October 13, in Juan R. Quiñones Street of the Justice of the Peace Court of Gurabo, the said defendant, Silverio Morales, maliciously, wilfully, and unlawfully, was personally attending to the work of cleaning a latrine of a house belonging to him and located at No. 10 Juan R. Quiñones Street. That said work was being performed by a worker, Ignacio Hernández, under the direction of the defendant.

". . . . This being contrary to the provisions of section 1 of Ordinance No. 1, approved by the Municipal Assembly of Gurabo, P. R., on December 2, 1919."

The District Court of Humacao sentenced this defendant to pay a fine of $10, or to be confined in jail one day for each dollar left unpaid. The defendant has appealed from that judgment and has filed a brief, *pro se,* without the assistance of counsel.

The brief, indeed, fails to comply with the rules of this Court. However, and without intending this as a precedent, we shall exercise our discretion in favor of the defendant and determine the errors assigned.

At the trial the defendant raised two grounds of demurrer, namely: want of jurisdiction in the court, and that the facts as charged do not constitute an offense. He relies on such grounds for his appeal.

The appellant maintains that the complaint failed to mention the year in which the acts complained of occurred. Really, the year was not mentioned. The district court, however, was of the opinion that the oath to the complaint having been executed on October 14, 1930, it must be understood that the 13th of October referred to is the day next preceding that on which the affidavit was made. We do not say that this is a safe way to ascertain the year to which the complaint refers.

Undoubtedly the complaint is defective. But it is also true that an unbiased reading thereof necessarily conveys the idea that the 13th of October in question is of the year 1930, the same year in which the complaint was filed.

As to the second objection raised, that the complaint did not state clearly the place where the acts complained of took place but only "in Juan R. Quiñones Street of the Justice of the Peace Court of Gurabo," the appellant is also right. The manner of designating the place was not correct. It can not be concluded by the complainant that the place where the facts occurred is within the jurisdiction of a certain court. He may, of course, file the complaint in the court which he thinks has jurisdiction, but he can not designate the place in the manner shown in the instant case. As this defect goes to the jurisdiction of the court, the same would be sufficient for a reversal of the judgment.

The People, through the *Fiscal* of this Court, has agreed that the objection that the complaint failed to state facts constituting the offense charged is well founded.

The ordinance involved herein forbids the cleaning of latrines before midnight.

The complaint charged that the defendant was personally attending to the work of cleaning a latrine and that the work was being performed by a workman, Ignacio Hernández, under the direction of the defendant. Although the Fiscal establishes the difference between "attend" (*atender*) and "perform" (*efectuar*), we do not agree with his theory. If

the defendant was directing and had the work done for his own account and at his order or direction, he was violating the ordinance. What happens is that those circumstances do not clearly appear from the complaint.

The judgment appealed from must be reversed and another rendered instead discharging the defendant-appellant.